**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


CHRISTOPHER AIRGOOD,       )
                              )
              Plaintiff,      )      Civil Action No. 14-1249
                              )
      v.                   )      Judge Cathy Bissoon
                              )
THE TOWNSHIP OF PINE, *et al.*,   )
                              )
           Defendants.    )

## MEMORANDUM AND ORDER

## I. MEMORANDUM

For the reasons stated below, Defendants Kevin Feeney and the Borough of Worthington's Motion to Dismiss (Doc. 9) will be GRANTED IN PART and DENIED IN PART; Defendants Kevin Feeney and the Borough of Worthington's Motion for Sanctions Against Plaintiff and Plaintiff's Counsel (Doc. 11) will be DENIED; Defendants Clyde Moore and the Township of Pine's Motion to Dismiss (Doc. 15) will be GRANTED IN PART and DENIED IN PART; and Defendants Clyde Moore and the Township of Pine's Motion for Sanctions (Doc. 13) will be DENIED.

## BACKGROUND

Christopher Airgood ("Plaintiff") was hired by the Pine Township Police Department as a non-salaried employee in or around September of 2012. Compl. (Doc. 1) ¶¶ 11, 15. He was promoted to the position of Chief of Police in October of 2012, by a unanimous vote of the Pine Township supervisor board at a public meeting. Id. at ¶ 16. On or about October 31, 2012, Plaintiff was informed that the Pine Township Police Department had been disbanded "by a private committee meeting, and not a public meeting," and that he was terminated as police

chief.  Id. at ¶¶ 17-18.  Plaintiff alleges that prior to the township meeting at which the police force was disbanded, Borough of Worthington Mayor Kevin Feeney and Pine Township supervisors Jason McCoy and Clyde Moore met in a private session during which Plaintiff's termination was discussed, in violation of Pennsylvania's Sunshine Law.  Id. at ¶ 78.  Plaintiff further states that he was not advised that his employment would be discussed in executive session, and was not provided with an opportunity to demand that it be discussed in public.  Id. at ¶ 80.  Plaintiff was not provided with any statement of charges prior to his termination.  Id. at ¶ 83.

On November 1, 2012, Plaintiff went to the Pine Township Police Department to retrieve his belongings; he was granted access to the building by Pine Township Supervisors Mr. McCoy and Mr. Moore.  Id. at ¶¶ 23-26.  Once inside, he noticed that the lock on the locker that he had used when employed had been broken off.  Id. at ¶ 27.  Plaintiff asked Mr. McCoy and Mr. Moore who had cut the lock, and they stated that "[Borough of Worthington Mayor] Mr. Feeney did it."  According to Plaintiff, Mr. Moore stated that he and Mayor Feeney broke into the Pine Township Police Department on October 30, 2012, and seized property.[1]  Id. at ¶ 45.  He further alleges that during an interview with Pennsylvania State Police Mr. Feeney admitted to: 1) being present while Mr. Moore broke the locks on the lockers; and 2) "seizing" property from said lockers.  Id. at ¶¶ 49-50.  Plaintiff alleges that at a public meeting of the Worthington Borough Council in November of 2012, Mr. Feeney further admitted to seizing property from said lockers and he displayed this property during the meeting.  Id. at ¶¶ 51-52.  Plaintiff alleges that

---

[1] Plaintiff makes additional allegations about the search and seizure of Commander William DeForte's locker and property.  Compl. at ¶¶ 27, 32-36.  As Plaintiff has no standing to bring claims on behalf of Mr. DeForte, the Court will not consider these irrelevant factual allegations. The Court additionally notes that Mr. DeForte has brought a separate suit on his own behalf, at Civil Action No. 15-171.

Defendants seized "ammunition, police clothing, and USD" belonging to him, in violation of the law.[2] Id. at ¶ 73.

Plaintiff brings this suit alleging: 1) a violation by Pine Township of Plaintiff's right to procedural due process with respect to the search of his locker and the seizure of his belongings and the termination of his job, as well as his right to be free from unreasonable searches and seizures; 2) conspiracy by Pine Township, Mr. Moore, the Borough of Worthington, and Mr. Feeney ("Defendants") to violate his right to procedural due process and to violate Township Code with respect to the loss of his job, as well as conspiracy to violate the Fourth Amendment with respect to the search of his locker and seizure of his belongings and conspiracy to violate Pennsylvania's Sunshine Law; and 3) Defendants' tortious interference with business relations, to wit, his employment by Pine Township. Id. at ¶¶ 59-96.

Defendants Clyde Moore and the Township of Pine move to dismiss Plaintiff's Counts I – III for failure to state a claim pursuant to Federal Rule 12(b)(6). Def.'s Mot. to Dismiss (Doc. 15) at 1. Defendants Kevin Feeney and the Borough of Worthington move to dismiss Counts II and III as alleged against them, also for failure to state a claim under Federal Rule 12(b)(6). Def.'s Mot. to Dismiss (Doc. 9) at 2. All Defendants move for the imposition of sanctions against Plaintiff. Def.'s Mots. for Sanctions (Docs. 11, 13).[3]

**ANALYSIS**

_____

[2] Plaintiff fails to specify the quantity, type, or monetary value of the ammunition and clothing – or the amount of U.S. dollars – allegedly seized.

[3] Plaintiff responded to the motions to dismiss and to the motions for sanctions many months after the deadline for such responses had passed, without requesting leave to file such delayed documents. Those filings were stricken from the record (Doc. 27), and thus are not being considered by the Court.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When faced with a motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Official Capacity Section 1983 Claims

As an initial matter, the Court notes that Plaintiff's § 1983 claims against Kevin Feeney and Clyde Moore in their official capacities must be dismissed, with prejudice, as duplicative of the claims against Pine Township and the Borough of Worthington. When an individual is sued in his or her official capacity, the action is considered to be against the government entity that he or she represents. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Here, the Court will dismiss the § 1983 claims in Count II to the extent they are asserted against Mr. Feeney and Mr. Moore in their official capacities, and will retain such claims against them in their individual capacities, and against the Township and Borough, who are the real parties in interest. See Irene B. v. Philadelphia Acad. Charter Sch., 2003 WL 24052009, at *9 (E.D. Pa. Jan. 29, 2003) (noting that since official capacity suits are simply another way of pleading an action against the entity, it is "appropriate to dismiss the claims against the individual in his official capacity and retain them against the real party in interest").

Count I – Plaintiff v. Pine Township[4]

---

[4] While other Defendants are mentioned in the text of Count I, this count charges only Defendant Pine Township. Compl. at p. 4, ("Plaintiff v. Township…").

Plaintiff titles Count I as a claim of violation of procedural due process, but the text of this count appears to contain three specific allegations: 1) a violation of "procedural due process of law and property" with respect to the property allegedly taken from Plaintiff's locker and not returned; 2) a Fourth Amendment[5] unreasonable search and seizure violation with respect to the alleged search of the locker and seizure of Plaintiff's belongings; and 3) a violation of due process with respect to Plaintiff's alleged loss of his property interest in his job.  Compl. at ¶¶ 59-75.  The Court will address each of these claims in turn.

"'To make a prima facie case under § 1983, the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right.'"  Spiker v. Allegheny Cty. Bd. of Prob. and Parole, 920 F.Supp.2d 580, 593 (quoting Groman v. Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)).  With respect to Plaintiff's claim that he was owed process prior to the termination of his alleged property interest in his job, Pine Township argues that Plaintiff has not established that he was deprived of any federal right.  Def.'s Br. in Support (Doc. 16) at 4.  The Court agrees.

Plaintiff posits that he had a constitutional property interest in his job, which triggered a Fourteenth Amendment right to due process before that job was to be terminated.  The determination of whether or not an employee possesses a constitutional property interest in his employment turns on the law of the state that employs him.  Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972); Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006).  "In Pennsylvania, 'a governmental employee only has a ... property right in his employment where he can establish a legitimate expectation of continued employment through either a contract or a statute.'"  Stevens v. Telford Borough, 2014 WL 4056952 (E.D. Pa. 2014) (quoting Pipkin v. Pa.

_____

[5] The Fourth Amendment is made applicable to the States by the Fourteenth Amendment.  Ker v. California, 374 U.S. 23, 30 (1963).

State Police, 693 A.2d 190, 193 (Pa. 1997)).  Plaintiff asserts that he had a constitutionally

protected property interest in his job arising from: 1) the Pennsylvania Township Code at Article

XIX Section 1912[6] and/or 2) the Pine Township Police Department policy manual.  Compl. at ¶¶

69-70.

The provision of the Second Class Township Code cited by Plaintiff makes the Police

Tenure Act – governing the removal of police officers – applicable to certain police officers in

townships of the second class, like that of Pine Township.  53 Pa. Cons. Stat. §§ 812, 66912

(West); see also Perrett v. Harmar Twp., 2008 WL 3457014, *9 (W.D. Pa. 2008) ("The Second

Class Township Code at 53 P.S. § 66912 adopts the provisions of the Police Tenure Act with

regard to the removal of police officers.").  Defendant Pine Township argues that the Police

Tenure Act, applies only to "regular full-time" police officers, and specifically excludes officers

appointed for a probationary period of one year or less.  Def.'s Br. in Support (Doc. 16) at 5.

Pine Township argues that under the current definition of "full-time employee," Plaintiff is

excluded from the protections of the Police Tenure Act.  Id.

An officer is considered to be a "regular full-time" employee if he was "on call at any

and all times"; the determination does not depend on the "number of days, length of hours, or

term of employment."  Petras v. Union Twp., 187 A.2d 171, 174 (Pa. 1987).   It is the "nature of

the job held and the character of the work performed rather than the length of service contracted

for" that is relevant to this determination.  Deskins v. Borough of W. Brownsville, 131 A.2d 101,

102 (Pa. 1957).  Plaintiff alleges insufficient facts regarding the nature of his employment and/or

_____

[6] Former Pennsylvania Township Code Article XIX Section 1912 was reenacted and amended in
1995.  The current portion of the code pertaining to the removal of police officers is Article XIX,
Section 66912, cited as 53 Pa. Cons. Stat. § 66912 (West).

the character of his work with the Pine Township Police Department to sustain a finding that he was a "regular full-time" employee under the relevant definition.

Plaintiff alleges that his starting salary was $15 per hour. Compl. at ¶ 15. Other than that, Plaintiff supplies no relevant facts regarding his work. Plaintiff does not allege that he was on call at any and all times, nor does he describe the nature or character of his work. Even taking all of Plaintiff's allegations as true, as we are obligated to do at this stage, Plaintiff has not pled sufficient facts to support an inference that he was on call at any and all times. Therefore, he has not sufficiently alleged that the Police Tenure Act is a source of a continued expectation of employment. See Petras, 187 A.2d 171; Stevens v. Telford Borough, 2014 WL 4056952. Plaintiff's Fourteenth Amendment due process claim alleging a property interest in his job based on his status as a "regular full-time" employee, and the application of the Police Tenure Act, will be dismissed without prejudice. On or before July 13, 2015, Plaintiff may file an amended complaint, if appropriate, that includes facts sufficient to establish his regular, full-time employment status with the Pine Township Police Department.[7]

Plaintiff further alleges a constitutional property interest in his employment pursuant to the Pine Township Police Department policy manual. Plaintiff sets forth no support for the proposition that a policy manual constitutes an employment contract, as it must if it is to establish a property right in his employment.[8] See Stevens, 2014 WL 4056952 (holding that constitutional property interests in employment are established via statute or contract). Without specific allegations regarding the content of the manual, the Court is unable to find that its language indicates an intention on the part of Plaintiff's former employer to be bound by any

---

[7] District Courts shall offer leave to amend unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

[8] It is clear to the Court that the manual does not constitute a statute.

contractual employment-related terms.  See Hall v. Cent. Med. Pavilion, 654 F.Supp. 1156

(W.D. Pa. 1987) (citing Veno v. Meredith, 515 A.2d 571, 577–80 (Pa. Super. Ct. 1986); Martin

v. Capital Cities Media, 511 A.2d 830, 834–42 (Pa. Super. Ct. 1986); Darlington v. Gen. Elec.,

504 A.2d 306–316–17 (Pa. Super. Ct. 1986); Banas v. Matthews Int'l. Corp., 502 A.2d 637 (Pa.

Super. Ct. 1985); Richardson v. Cole Mem'l Hosp., 466 A.2d 1084, 1085 (Pa. Super. Ct. 1983)).

As such, the Complaint fails to allege that the Pine Township Policy Manual is a contractual

source of a constitutional property interest in Plaintiff's employment.  Without a property interest

in his employment, Plaintiff has failed to state a claim for a Fourteenth Amendment violation of

due process with respect to the termination of his position with the Pine Township Police

Department.  To the extent that Count I alleges such a claim, it will be dismissed, without

prejudice.  On or before July 13, 2015, Plaintiff may file an amended complaint, if appropriate,

that clearly indicates any alleged contractual interest in his former job, based on the Pine

Township Policy Manual or otherwise.

    Next the Court addresses Plaintiff's remaining Fourteenth Amendment claim in Count I,

the lack of "procedural due process of law and property" with respect to the property allegedly

taken from Plaintiff's locker, and not returned.  Pine Township argues that "post-deprivation

processes such as civil tort remedies is [sic] all that is required for deprivation of personal

property without due process." [9]  Def.'s Br. in Support (Doc. 16) at 7 (citing Rankin v.

Smithburger, 2013 WL 3550894 (E.D. Pa. 2013); Kitko v. Young, 2012 WL 399981 (W.D. Pa.

2012); Brown v. Muhlenberg Twp., 269 F.3d 205, 213 (3d Cir. 2001)).  Indeed, it is the case that

---

[9] At this stage, Defendant Pine Township does not contest Plaintiff's claim that he suffered a deprivation of personal property, or that Plaintiff is entitled to process, prerequisite findings for a Fourteenth Amendment violation claim.  Rather, Pine Township contests Plaintiff's vehicle for seeking a remedy.

"when the seizure of the property was a 'random and unauthorized conduct of a state employee,'" which is alleged here, "'postdeprivation process' is all that is constitutionally due." Rankin, 2013 WL 3550894, *9 (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). In instances of "random and unauthorized seizure of personal property, Pennsylvania affords such postdeprivation process in the form of a civil action for conversion." Id. (citing Brown, 269 F.3d at 213). Plaintiff has available to him a state law claim for conversion that can afford him adequate process and, therefore, his procedural due process claim is barred and will be dismissed.[10]

Lastly, the Court considers Plaintiff's Fourth Amendment claim. Plaintiff alleges that his locker was searched, and his belongings were seized, without a warrant. Compl. at ¶¶ 61-66, 73. Defendant Pine Township addresses Plaintiff's Fourth Amendment claim in the same paragraph in which it addresses his Fourteenth Amendment deprivation of property claim. Def.'s Br. in Support (Doc. 16) at 7. Pine Township classifies Plaintiff's Fourth Amendment claim as one for "deprivation of property," and argues that "post-deprivation civil tort remedies is all that is required for deprivation of personal property without due process." It is apparent that Pine Township conflates Plaintiff's Fourth Amendment claim with his Fourteenth Amendment claim, and cites the same case law in support of its motion to dismiss them both. Id. at 7 (citing Rankin, 2013 WL 3550894; Kitko, 2012 WL 399981; Brown, 269 F.3d at 213). These three cases do not establish that post-deprivation tort remedies are sufficient with respect to alleged Fourth Amendment unreasonable search and seizure claims; rather, such remedies apply to Fourteenth

---

[10] Although the parties do not address it, the Court notes that an action for conversion against Defendant Pine Township would not be barred by the Pennsylvania Political Subdivision Tort Claims Act, as there is an exception to governmental immunity for claims related to the "care, custody or control of personal property of others in the possession or control of the local agency." 42 Pa. Cons. Stat. § 8542(b)(2); see also Bracey v. Price, 2011 WL 2620358 (W.D. Pa. 2011) (citing Bond v. Rhodes, 2006 WL 1617892 (W.D. Pa. 2006)).

Amendment violation of due process claims.  Rankin, 2013 WL 3550894 (holding that when one

is deprived of property without sufficient procedural due process in violation of the Fourteenth

Amendment, "postdeprivation process" is all that is constitutionally due, and that Fourth

Amendment unlawful seizure claims are to be analyzed under a reasonableness standard)

(quoting Hudson v. Palmer, 468 U.S. 517, 513); Kitko, 2012 WL 399981 (noting that "the

Supreme Court has clearly indicated [that], 'an unauthorized intentional deprivation of property

by a state employee does not constitute a violation of the procedural requirements of the Due

Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the

loss is available,'" and analyzing the Fourth Amendment unreasonable search claim under a

separate doctrine) (quoting Hudson, 468 U.S. at 533), Brown, 269 F.3d at 213 (analyzing the

unreasonable seizure claim under a reasonableness standard, and discussing post-deprivation tort

remedies with respect to the Fourteenth Amendment claim)).

Defendant Pine Township argues only that Plaintiff failed to state a claim for a Fourth

Amendment violation "for deprivation of property," citing the above Fourteenth Amendment

standards.  Def.'s Br. in Support (Doc. 16) at 6.  Pine Township declines to establish – or even

argue – that Plaintiff has failed to state a claim for a Fourth Amendment violation with respect to

the *search* of Plaintiff's locker, or the *seizure* of his belongings.  Pine Township cites no law that

provides the Court with a basis for dismissing Plaintiff's unreasonable search and seizure

allegation for failure to state a claim.  Therefore, Defendant Pine Township has failed to meet its

burden of demonstrating that Plaintiff has failed to state a Fourth Amendment claim.

Although Plaintiff may have stated such a claim, it also is the case that municipal entities

can only be liable for a constitutional deprivation suffered by Plaintiff "if 'there is a direct causal

link between a municipal policy or custom and the alleged constitutional deprivation.'"  Brown,

269 F.3d at 214-25 (quoting <u>Canton v. Harris</u>, 489 U.S. 378, 385 (1989)) (noting also that "[t]he requirement that liability rest on a direct causal link between the municipal policy or custom and the alleged constitutional deprivation precludes respondeat-superior liability"). Such a link can be shown in two ways:

> First, a body [such as Pine Township] may ... be sued directly if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Second, [Plaintiff] could establish the requisite causal link between the constitutional deprivation and a custom, even though such a custom has not received formal approval through the body's official decisionmaking channels. A custom, or usage, of [a] State for § 1983 purposes must have the force of law by virtue of the persistent practices of state officials. In either event, the municipality's liability can be predicated only [upon] acts for which the municipality itself is actually responsible.... Only those municipal officials who have final policymaking authority may by their actions subject the government to § 1983 liability.

<u>Id</u>. at 215 (internal citations omitted).

Plaintiff has not alleged facts sufficient to support a finding that Pine Township bears municipal liability for the alleged violation of his Fourth Amendment rights. He has set forth no facts to support a finding of a causal link between municipal policy or custom and the alleged unconstitutional acts. There are no allegations before the Court regarding policies or customs of Pine Township with respect to workplace searches or seizures. Therefore, Plaintiff has failed to state a claim that Pine Township violated his Fourth Amendment rights, and his Fourth Amendment claim against Pine Township will be dismissed without prejudice. On or before July 13, 2015, Plaintiff may file an amended complaint stating sufficient facts to support a finding of a causal link between Pine Township policy or custom and the alleged Fourth Amendment violation.

<u>Count II – Plaintiff v. All Defendants</u>

Count II alleges a conspiracy between all Defendants to: 1) violate Plaintiff's Fourteenth Amendment right to procedural due process with respect to his alleged property interest in his employment as a Pine Township police officer; 2) violate Pennsylvania's Sunshine Law; 3) violate Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizure; and 4) violate Plaintiff's Fourteenth Amendment right to procedural due process with respect to the deprivation of his property that was located within his locked locker. As the Court has already established that Plaintiff has, thus far, failed to state a claim for a Fourteenth Amendment due process violation with respect to the loss of his employment and the loss of his personal belongings[11], it follows that Plaintiff has failed to state a claim for a conspiracy to commit either of those alleged violations. Plaintiff's § 1983 Fourteenth Amendment Count II conspiracy claim for deprivation of property will be dismissed with prejudice, as amendment would be futile. See analysis *supra*. Plaintiff's § 1983 Fourteenth Amendment conspiracy claim for a violation of due process with respect to Plaintiff's alleged constitutional property interest in his prior employment, like above, will be dismissed without prejudice to Plaintiff filing an amended

---

[11] The Court again addresses the Pennsylvania Political Subdivision Tort Claims Act. It is noted *supra* that said Act does not provide government agencies with immunity against liability for civil torts in conversion. Based, in part, on that finding, Plaintiff's claim against Pine Township will be dismissed, as he has available to him a post-deprivation remedy in the form of a conversion claim. The Act additionally fails to provide immunity to public officials, in their individual capacities, for conversion claims. Brown, 269 F.3d at 214 ("Pennsylvania law, like the state law in Hudson, deprives public employees of immunity for intentional torts. Section 8550 of Pennsylvania's Political Subdivision Tort Claim Act denies immunity to any public employee when the court finds that his or her conduct constitutes, among other things, 'willful misconduct.' 'Willful misconduct' in this context 'has the same meaning as the term 'intentional tort.'' ") (internal citations omitted). As Mr. Moore and Mr. Feeney are denied immunity for state law conversion claims, the same analysis regarding Plaintiff's Fourteenth Amendment deprivation of property claim as against Pine Township applies more broadly in the context of Count II, as alleged against Mr. Moore and Mr. Feeney. Plaintiff fails to state this claim as against all Defendants.

complaint containing the requisite factual allegations. We now consider Plaintiff's conspiracy claim regarding Pennsylvania's Sunshine Law and the Fourth Amendment.

In order to properly plead a civil conspiracy claim, Plaintiff must satisfy the 42 U.S.C. § 1983 requirements, set forth *supra*, as well as the elements of a conspiracy claim: agreement and concerted action. Cunningham v. N. Versailles Twp., 2010 WL 391380, 5 (W.D. Pa. 2010) (citing Marchese v. Umstead, 110 F.Supp.2d 361, 363 (E.D. Pa. 2000); Capogrosse v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009)).

Defendants argue that even if the Court were to find that a violation of the Sunshine Act occurred, a violation of state law does not provide a basis for a section 1983 claim. Def.'s Br. in Support (Doc. 16) at 7; Def.'s Br. in Support (Doc. 10) at 11. The Court is persuaded by this position. Rose v. Bartle, 871 F.2d 331, 347 (3d Cir. 1989) ("'It is axiomatic that violations of state law alone are insufficient to state a claim for section 1983 relief.'") (quoting Powers v. Coe, 728 F.2d 97, 105 (3d Cir. 1984)); Burns v. Alexander, 776 F.Supp.2d 57, 71 (W.D. Pa. 2014) ("A plaintiff cannot prevail in an action brought under § 1983 without establishing an underlying violation of a federal constitutional or statutory right.") (citing Collins v. Harker Heights, 503 U.S. 115, 119 (1982)). As a violation of any law of the Commonwealth of Pennsylvania, including Pennsylvania's Sunshine Law, does not constitute a violation of a federal constitutional or statutory right, Plaintiff has failed to state a claim for relief with respect to this claim. To the extent that Count II alleges a claim for conspiracy to violate Pennsylvania's Sunshine Law, as made actionable under § 1983, that claim will be dismissed.

Defendants Mr. Feeney and Worthington Borough argue that to the extent Plaintiff asserts that they conspired to engage in an unreasonable search of his locker and seizure of his belongings therein, said search was "reasonable" under the governing Fourth Amendment

standard and thus Plaintiff fails to state a claim.[12] [13]  Def.'s Br. in Support (Doc. 10) at 7 (citing

O'Connor v. Ortega, 480 U.S. 709, 721 (1987) (plurality opinion); Ontario v. Quon, 560 U.S.

746 (2010)).  The Supreme Court has held that "public employer intrusions on the

constitutionally protected privacy interests of government employees for noninvestigatory, work-

related purposes, as well as for investigations of work-related misconduct, should be judged by

the standard of reasonableness under all the circumstances.  Under this reasonableness standard,

both the inception and the scope of the intrusion must be reasonable. . ."  O'Connor, 480 U.S.

745-46.  Defendants do not proffer a justification for the inception of the search or the scope of

the intrusion.  The Court has no basis to conclude whether the search and seizure were for

noninvestigatory, work-related purposes, or for an investigation of work-related misconduct, or

neither.  Without further discovery, the Court is unable to find that such actions were reasonable

under the governing standard.  Making all inferences in a light most favorable to Plaintiff, it is

not the case that he has failed to state a Fourth Amendment unreasonable search and seizure

claim.  See Wiest v. Lynch, 710 F.3d 121, 135 n.5 (3d Cir. 2013).

Defendants Feeney and Borough of Worthington additionally argue that Plaintiff fails to

sufficiently plead the existence of a conspiracy.  Def.'s Br. in Support (Doc. 10) at 10.

Specifically, they note that under Pennsylvania law, a civil conspiracy is "'a combination of two

---

[12] As noted *supra*, Defendants Pine Township and Clyde Moore fail to argue any facts in support
of an assertion that the search of Plaintiff's locker and seizure of his belongings were reasonable.

[13] The Court notes that Mr. Feeney argues that he could not have acted under color of state or
territorial law, a requirement in a § 1983 action, as he was the Mayor of the Borough of
Worthington at the time of the acts in question, and he had no political authority within Pine
Township, a separate jurisdiction.  Def.'s Br. in Support (Doc. 10) at 10.  Plaintiff claims that
Mr. Feeney both directed Mr. Moore to search his locker and seize his belongings, and engaged
in the search and seizure himself.  Compl. at ¶¶ 40, 45.  Therefore, whether Mr. Feeney acted
under color of law – legitimately or not – is a question of fact that remains in dispute.  As such,
it would constitute an inappropriate basis for dismissal of the instant case.

or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.'" <u>Dice v. Johnson</u>, 711 F.Supp.2d 340, 357 (M.D. Pa. 2010) (quoting <u>Adams v. Teamsters Local 115</u>, 214 Fed.Appx. 167, 172 (3d Cir. 2007)); Def.'s Br. in Support (Doc. 10) at 10. With respect to the Fourth Amendment claim, Plaintiff alleges that he asked Supervisors Moore and McCoy who "broke into" the police department and broke the locks off of the lockers, and was told that "Mr. Feeney did it." Compl. at ¶ 28. He further alleges that when he asked Mr. Moore "how (Moore) could break into the police department, [and] break off locks to personal lockers . . . with the help of Mr. Feeney, without a warrant," Mr. Moore replied that "they could do whatever they wanted, and it was the 'advice from Mr. Feeney.'" <u>Id.</u> at ¶¶ 42-43. Plaintiff alleges that Mr. Moore informed him that he and Mr. Feeney broke into the Pine Township Police Department and seized items on October 30, 2012. <u>Id.</u> at ¶ 45.

Considering the pleadings in a light most favorable to Plaintiff, sufficient facts to establish a plausible civil conspiracy to violate the Fourth Amendment have been alleged. <u>See Wiest v. Lynch</u>, 710 F.3d 121, 135 n.5 (3d Cir. 2013) (holding that <u>Iqbal</u> and <u>Twombly</u> notwithstanding, the Court must view the pleadings in a light most favorable to Plaintiff, and Plaintiff survives a Rule 12(b)(6) motion if, under any reasonable reading, its allegations may establish entitlement to relief); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570). Given Plaintiff's specific allegations that both Mr. Feeney and Mr. Moore broke into the Pine Township police department, at the "advice" of Mr. Feeney – from which the Court may infer an agreement between these two parties – and that his locker was searched and his belongings were seized, Plaintiff satisfies the applicable standard with

respect to those two defendants.  <u>Dice v. Johnson</u>, 711 F.Supp.2d at 357 (holding that conspiracy is established via "'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.'") (quoting <u>Adams v. Teamsters Local 115</u>, 214 Fed.Appx. at 172).

Defendant Feeney argues that, even if a constitutional violation took place, he is entitled to qualified immunity.  Qualified immunity is an affirmative defense for government officials accused of violating a citizen's constitutional or statutory rights.  <u>Hunter v. Bryant</u>, 502 U.S. 224, 227 (1991); <u>Thomas v. Indep. Twp.</u>, 463 F.3d 285, 291 (3d Cir. 2006).  Here, Defendant Feeney argues that he is entitled to qualified immunity because he did not violate any "clearly established" constitutional right.  Def.'s Br. in Support (Doc. 10) at 13.

"The privilege of qualified immunity . . . can be overcome when state officials violate clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>Wright v. Philadelphia</u>, 409 F.3d 595, 599-600 (3d Cir. 2005).  A right is "clearly established" when, objectively, "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right."  <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987); <u>see also</u> <u>Estate of Lagano v. Bergen Cnty. Prosecutor's Office</u>, 2014 WL 5155213 (3d Cir. 2014).

The Court finds that the Fourth Amendment right to be free from unreasonable search and seizure by one's state employer is "clearly established," despite Defendant Feeney's protestations to the contrary.  <u>See</u> <u>O'Connor v. Ortega</u>, 480 U.S. 709, 721 (1987) (plurality opinion); <u>Ontario v. Quon</u>, 560 U.S. 746 (2010)).  In the event that Defendant Feeney has violated that right with respect to the inception and/or scope of the search and seizure, Plaintiff

possesses a clearly established constitutional right, and Defendant Feeney does not enjoy qualified immunity. Defendant Feeney's Motion to Dismiss Plaintiff's Fourth Amendment conspiracy claim at Count II will be denied.

As stated *supra*, municipal entities can only be liable for a constitutional deprivation suffered by Plaintiff "if 'there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" Brown, 269 F.3d at 214-25 (quoting Canton v. Harris, 489 U.S. 378, 385 (1989)) (noting also that "[t]he requirement that liability rest on a direct causal link between the municipal policy or custom and the alleged constitutional deprivation precludes respondeat-superior liability").

Plaintiff has not satisfied his burden of establishing facts sufficient to support a finding that Pine Township and/or the Borough of Worthington bear municipal liability for the alleged conspiracy violate Plaintiff's Fourth Amendment rights. He has alleged no facts to support a finding of a causal link between municipal policy or custom and the alleged unconstitutional acts. There are no allegations before the Court regarding policies or customs of Pine Township or the Borough of Worthington. Therefore, Plaintiff has failed to state a claim that these municipal defendants have conspired to violate his Fourth Amendment rights, and Count II as against Pine Township and the Borough of Worthington will be dismissed without prejudice. If appropriate, Plaintiff may file an amended complaint on or before July 13, 2015, alleging a causal link between Pine Township and/or the Borough of Worthington's policy or custom, and the alleged Fourth Amendment violation.

Count III

Plaintiff brings a third and final count against Defendants, alleging tortious interference with business relations. Compl. at ¶¶ 89- 96. Local agencies are generally immune from tort

claims under the Political Subdivision Tort Claims Act ("PSTCA" or "the Act").  42 Pa. Cons.

Stat. § 8542 (West).  The Political Subdivision Tort Claims Act provides that a local agency shall

only be liable in tort if two specific conditions are met[14] and one of eight enumerated exceptions

applies.[15]  Id.  The Pennsylvania Supreme Court has made clear that the purpose of the PSTCA is

to shield the government from all tort liability, permitting only those cases that fall within the

exceptions provided for in the Act.   Kiley by Kiley v. Philadelphia, 645 A.2d 184, 185-86 (Pa.

1994).   Moreover, the eight exceptions should be narrowly construed given express legislative

intent to protect the government from alleged torts.  Id.  The tort alleged here, interference with

business relations, does not fall under any of the eight exceptions in the Act.  See Rittenhouse

Entm't, Inc. v. Wilkes-Barre, 861 F. Supp. 2d 470, 489 (M.D. Pa. 2012); ADW Inc. v. Lutheran

Soc. Mission Soc'y, 1988 WL 100311, at *2 (E.D. Pa. Sept. 27, 1988).  Thus, the claim of

tortious interference with business relations cannot proceed against Pine Township or the

Borough of Worthington, and it will be dismissed.

      Plaintiff likewise fails to state a claim for tortious interference with business relations

against Defendants Moore and Feeney in both their official and individual capacities.  In order to

state a claim for tortious interference with business relations, a plaintiff must allege "the

existence of a contractual, or prospective contractual relation between the complainant and a

third party."  Pecha v. Botta, 2014 WL 4925152, at *3 (W.D. Pa. 2014) (citing CGB

Occupational Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 384 (3d Cir. 2004)).  Here,

---

[14] The two conditions are that: 1) the damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 or section 8546; and 2) the injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties.

[15] The eight exceptions are: 1) vehicle liability, 2) care, custody or control of personal property, 3) real property, 4) trees, traffic controls and street lighting, 5) utility service facilities, 6) streets, 7) sidewalks, and 8) care, custody or control of animals.

Plaintiff has failed to identify either a contractual or prospective contractual relation with which Defendants could have interfered. He alleges that Defendants interfered with his "business relations in Pine Township," but never specifies a contractual – or prospective contractual – interest that was harmed.[16] Plaintiff's claims are simply lacking, and he has not stated a claim for tortious interference with business relations as against Kevin Feeney or Clyde Moore, and Count III will be dismissed, without prejudice. If appropriate, Plaintiff may file an amended complaint on or before July 13, 2015, indicating a previously existing contract or prospective contract in support of his claim for tortious interference with business relations.

Motions for Sanctions

Defendants move for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. Def.'s Mot. for Sanctions (Doc. 11); Def.'s Mot. for Sanctions (Doc. 13). Defendants Feeney and Borough of Worthington allege that "the claims against the Defendants are not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Def.'s Mot. (Doc. 11) at ¶ 9. Defendants Pine Township and Clyde Moore argue that Plaintiff should be sanctioned "for his bad faith and reckless filing of his Complaint, without any factual or legal support and for improper purposes." Def.'s Mot. (Doc. 13) at 1.

In light of the remaining unreasonable search and seizure claim against Defendants Moore and Feeney in their individual capacities, as well as the possibility of amendment, the

---

[16] The Court notes that under the heading of "Count III," Plaintiff additionally alleges that he "believes and therefore avers that but for Defendants [*sic*] interference with Pine Township, the Pine Township Police Department office and private lockers would not have been broken into. . . [and] his personal effects would not have been seized." Compl. at ¶ 93. Plaintiff does not explain the relevance of this allegation with respect to a tortious interference with business relations claim. As the Court deals separately with Plaintiff's 1983 claims relating to the search of his locker and the seizure of his property, and Plaintiff fails to bring a tort for conversion, the Court finds that these factual allegations are not relevant to the instant count.

Court does not agree with Defendants' position. The Court is unable to find that the claims by Plaintiff are not warranted by existing law, or that they lack all factual and legal support. Thus, Defendants' Motions for Sanctions will be denied.

## I.     ORDER

For the reasons stated above, Defendants Kevin Feeney and the Borough of Worthington's Motion to Dismiss (Doc. 9) is **GRANTED IN PART and DENIED IN PART**. To the extent that Plaintiff alleges that Kevin Feeney, in his individual capacity, conspired with Clyde Moore, in his individual capacity, to violate Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, the Motion to Dismiss (Doc. 9) is DENIED. In every other respect, the Motion to Dismiss (Doc. 9) is GRANTED.

Defendants Clyde Moore and the Township of Pine's Motion to Dismiss (Doc. 15) is **GRANTED IN PART and DENIED IN PART**. To the extent that Plaintiff alleges that Clyde Moore, in his individual capacity, conspired with Kevin Feeney, in his individual capacity, to violate Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, the Motion to Dismiss (Doc. 15) is DENIED. In every other respect, the Motion to Dismiss (Doc. 15) is GRANTED.

Specifically, the following claims are hereby **DISMISSED WITH PREJUDICE**: all of Plaintiff's § 1983 claims as alleged against Clyde Moore and Kevin Feeney in their official capacities; Plaintiff's § 1983 Fourteenth Amendment (Count I) claim for loss of property without due process of law; Plaintiff's § 1983 Fourteenth Amendment (Count II) claim for conspiracy to deprive him of property without due process of law; and Plaintiff's § 1983 claim alleging a violation of the Pennsylvania Sunshine Act (Count II).

The following claims are hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing an amended complaint, if appropriate: Plaintiff's § 1983 Fourteenth Amendment claim (Count I), to the extent that Plaintiff alleges a constitutional property interest in his job pursuant to statute or contract; Plaintiff's § 1983 Fourth Amendment claim (Count I); Plaintiff's § 1983 Fourteenth Amendment conspiracy claim (Count II), to the extent that Plaintiff alleges a constitutional property interest in his job pursuant to statute or contract; Plaintiff's § 1983 Fourth Amendment conspiracy claim (Count II) as against Defendants Pine Township and/or the Borough of Worthington; and Plaintiff's claim for tortious interference with business relations (Count III). **Plaintiff's amended complaint is due on or before July 13, 2015. Failure to file an amended complaint by this date will result in these claims being dismissed with prejudice.**

Defendants Kevin Feeney and the Borough of Worthington's Motion for Sanctions Against Plaintiff and Plaintiff's Counsel (Doc. 11) is **DENIED.** Defendants Clyde Moore and the Township of Pine's Motion for Sanctions (Doc. 13) is **DENIED**.


IT IS SO ORDERED.


July 2, 2015                                          s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record